# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2316 | **DATE** | 4/1/2004 |
| **CASE TITLE** | Ronald Johnson vs. Sheridan Bank, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. The Complaint and this action are dismissed for lack of subject matter jurisdiction. This dismissal is or course without prejudice to Johnson's assertion of his claim in a state court of competent jurisdiction. Finally, the dismissal moots Johnson's contemporaneously submitted In Forma Pauperis application and request for appointment of counsel. (3-1, 4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 02 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD JOHNSON #731065, )
)
        Plaintiff, )
)
v. ) No. 04 C 2316
)
SHERIDAN BANK, et al., )
)
        Defendants. )

MEMORANDUM ORDER

Ronald Johnson ("Johnson") has just submitted a self-prepared Complaint in which he sues the Sheridan Bank ("Bank") and its Chief Executive Officer Gregory Sheedy ("Sheedy"), having used for that purpose the printed form of Complaint under 42 U.S.C. §1983 ("Section 1983") that is made available by this District Court's Clerk's Office for persons in custody.[1] Because Johnson (understandably for a nonlawyer) has mistakenly assumed that his claim comes within federal subject matter jurisdiction, this Court sua sponte dismisses both the Complaint and this action for lack of such jurisdiction.

According to Johnson's allegations (which are accepted as true for present purposes), a different Ronald Johnson looted his account at the Bank, fraudulently withdrawing more than $8,000 to empty out the account. It appears that the other Ronald Johnson, who was confined in the Lee County Jail (plaintiff Johnson was

---

[1] Complaint ¶I.D reflects that Johnson is now confined in the Department of Human Services Treatment and Detention Facility in Joliet.

then in the Will County Jail), used his own prison ID number and his County Jail ID number (both of course different from plaintiff Johnson's) to do so. And Johnson alleges that even though he furnished Sheedy with the necessary information to confirm his claim, he never received a response and is still out the money.

Although that set of facts certainly states a viable claim, Johnson's problem is that it does not belong in the federal court system. Federal courts are authorized to entertain lawsuits only to the extent specified by Congress, and in this instance:

1. Section 1983 certainly does not apply, because neither Bank nor Sheedy is a "state actor" whose conduct triggers the possible applicability of that statute.

2. Even with the generous reading that must be given to pro se complaints under the teaching of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam), there is no other source of federal-question jurisdiction that could embrace Johnson's claims.

3. Diversity of citizenship, the other alternative source of federal jurisdiction, is lacking (both Johnson and the two defendants are Illinois citizens).

All of that being true, this Court is constrained to take the action identified at the outset, dismissing the Complaint and this action for lack of subject matter jurisdiction. This

2

dismissal is of course without prejudice to Johnson's assertion of his claim in a state court of competent jurisdiction. Finally, the dismissal moots Johnson's contemporaneously submitted In Forma Pauperis Application and request for appointment of counsel.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:  April 1, 2004